**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SHEPHERD NKEMAKE ZIFAC,

      Petitioner,

v.                                  No. 1:26-cv-00382-SMD-JFR

MELISSA ORTIZ, in her official capacity
as Warden of the Torrance County Detention Facility, and
MARISA FLORES, in her official capacity
as Director of the El Paso Field Office
for U.S. Immigration and Customs Enforcement,
PAMELA BONDI, in her official capacity as Attorney
General for the United States, TODD M. LYONS,
as acting director of Immigration and Customs Enforcement,
and KRISTI NOEM,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Shepherd Zifac's ("Petitioner's") petition for writ of habeas corpus (Doc. 1), filed on February 11, 2026. Respondents filed their answer on March 3, 2026 (Doc. 6) and Petitioner replied (Doc. 7). After careful consideration of the law and relevant facts, the Court **GRANTS** Petitioner's request for a writ of habeas corpus.

### BACKGROUND

Petitioner is a citizen of Cameroon who entered the United States without inspection on May 12, 2024, to seek asylum. Doc. 1 ¶¶ 11–12. Petitioner moved to St. Paul, Minnesota and filed an asylum application on August 22, 2024. *Id.* ¶ 12. Petitioner has dutifully complied with the terms of his release and has no criminal history. *Id.* ¶¶ 12–13. Petitioner received an employment authorization card from the Department of Homeland Security on March 31, 2025. *Id.* ¶ 16. He then began working at an assisted living facility. *Id.* ¶ 17. Outside of work, Petitioner

serves at his local church, plays on a recreational soccer league, and participates in the Cameroonian immigrant community. *Id.* ¶ 18. On January 11, 2026, masked ICE agents arrived at Petitioner's door in unmarked pickup trucks. *Id.* ¶ 19. Petitioner alleges that the ICE agents acted without an arrest warrant. *Id.* Respondents do not contend otherwise. Petitioner was initially detained in Texas and later transferred to the Torrance County Detention Facility in New Mexico. *Id.*

Petitioner's request for habeas relief alleges that his continued detention without notice or opportunity for a hearing violates his rights under 8 U.S.C. § 1226(a), the Administrative Procedure Act, and his Fifth Amendment rights. *Id.* ¶¶ 31–47. As relief, Petitioner seeks, inter alia, immediate release from detention and an award of attorneys' fees. *Id.* at 19–20. The Government does not proffer any additional facts regarding this case. *See* Doc. 6. Their answer maintains that individuals who are present in the United States without being admitted or paroled are subject to mandatory detention under § 1225(b). *Id.* at 1–2. However, the Government concedes that under this Court's prior application of § 1226(a), Petitioner's case does not present facts that are "materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* at 2. Thus, if the Court applies the law in a manner parallel to *Martin Ramirez v. Noem*, 2:26-cv-00063, Doc. 17 (D.N.M. Feb. 11, 2026), Petitioner's writ should be granted. *Id.*

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

2

I.    Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission." *Id.* at 297. Applicants for admission are noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

In contrast, Section 1226(a) establishes detention guidelines for noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g., Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025). Petitioner challenges his detention under § 1225(b)(2)(A) as inconsistent with the plain language of the INA and argues that he is entitled to a bond hearing under § 1226(a). Doc. 1 ¶ 37.

The Court finds that Petitioner's removal proceedings are governed by Section 1226(a), i.e., that he is someone who was "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). He is not subject to the mandatory detention provisions of § 1225. *See*

*Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at \*2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at \*3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at \*4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at \*3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at \*5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at \*3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at \*1 (M.D. Fla. Feb. 18, 2026).

II.   <u>The Government's Continued Detention of Petitioner Violates His Fifth Amendment Rights.</u>

The Court finds that Petitioner's continued detention violates the Fifth Amendment.  Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690; *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) ("[T]he interest in being free from physical detention by one's own government" is "the most elemental of liberty interests.").  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  Though the Government, "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite.  *Demore v. Kim*, 538 U.S. 510, 527 (2003).  As the length of detention stretches on, an

4

individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

Petitioner has been in custody for over two months, without any evidence of a lawful arrest warrant that would justify his detention. In denying Petitioner the most fundamental of liberty interests, the Government offers neither justification nor process. The Government has not produced any evidence demonstrating that it had a warrant to arrest Petitioner, that it has plans to remove Petitioner, or that Petitioner would pose a flight risk if released. For his part, Petitioner has demonstrated that he has significant ties to the United States, most notably through his employment and local community, and has complied with all immigration requirements. Doc. 1 ¶ 12. He has also plausibly alleged that he does not pose a danger to the community, as he has no criminal history and is working lawfully under DHS's authorization. *Id.* ¶ 16. The Government concedes these facts. Thus, the Government's decision to indefinitely detain Petitioner without explanation, or perhaps even authorization, runs afoul of the Fifth Amendment. Because Respondents have not provided a legal basis for Petitioner's continued detention, Petitioner is entitled to relief pursuant to § 2241.

**CONCLUSION**

The Court finds no significant likelihood Petitioner will be removed in the reasonably foreseeable future. It is hereby **ORDERED**:

1) The verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within 48 hours of this Order being entered;

3) The Government Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel of when and where he can be

collected and providing identity documents sufficient to board a domestic flight to return to St. Paul, Minnesota;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release.  This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

6) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**